1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 | Case No.: 3:24-cv-00898-L-SBC |
| 12  HEIDI JONES, an individual, | |
| 13                          Plaintiff, | **ORDER:** |
| | **(1) DENYING DEFENDANT'S** |
| 14  v. | **MOTION TO DISMISS FOR LACK** |
| | **OF SUBJECT MATTER** |
| 15  CARLOS DEL TORO, SECRETARY OF | **JURISDICTION; AND** |
|     THE NAVY; and DOES 1 through 25, | **(2) GRANTING WITH LEAVE TO** |
| 16                          Defendants. | **AMEND DEFENDANT'S MOTION** |
| 17 | **TO DISMISS FOR FAILURE TO** |
| | **STATE A CLAIM** |
| 18 | |
| 19 | [ECF No. 6.] |
| 20 | |

21       Pending before the Court is motion to dismiss for lack of subject matter

22 jurisdiction and failure to state a claim filed by Defendant Carlos Del Toro's, Secretary of

23 the United States Navy ("Defendant" or the "Navy"). (ECF No. 9.) Plaintiff Heidi Jones

24 ("Plaintiff" or "Jones") opposed, (ECF No. 7), and the Navy replied, (ECF No. 9).

25 Plaintiff filed an objection to extrinsic evidence sought to be included by the Navy, (ECF

26 No. 8), and Defendant filed a response, (ECF No. 10). The Court decides the matter on

27

28                                          1

1 the papers submitted without oral argument. *See* Civ. LR 7.1(d.1). For the reasons set

2 forth below,

3 Defendant's motion to dismiss for lack of subject matter jurisdiction is denied, and

4 motion to dismiss for failure to state a claim is granted with leave to amend.

5 ## I.   BACKGROUND[1]

6       Plaintiff filed this suit against the Secretary of the Navy in his official capacity.

7 Plaintiff is a former employee with the Southwest Regional Maintenance Center

8 ("SWRMC") at the Department of the Navy.  Plaintiff, a disabled veteran, was a Safety

9 Occupational Health Supervisor with SWRMC.  Plaintiff alleges that she was

10 discriminated against, subjected to a hostile work environment, and retaliated against due

11 to her disability.  She was ultimately terminated.

12       Plaintiff's performance evaluations initially approved her performance goals and

13 stated that her performance was adequate.  However, from April 2022 to March 2023,

14 Plaintiff was questioned by her supervisor for her use of Disabled Veterans Leave, given

15 busy work, and required to research disability and service animal accommodations.

16 During this period, Plaintiff's supervisor also became disengaged and started overlooking

17 her.  On March 2, 2023, Plaintiff's supervisor prepared a "document of discussion,"

18 which appeared to be a disciplinary document, although Plaintiff had not received any

19 progressive discipline throughout her 23 months of employment.  Plaintiff claims this

20 document mislabeled her disabilities as misconduct.  (ECF No. 1 at ¶ 25.)  Subsequently

21 Plaintiff submitted her two-week notice of resignation, and then promptly attempted to

22 withdraw it.  However, Plaintiff's supervisor stated that providing the notice was

23 "another example of similar misconduct and behavioral issues exhibited over the course

24 of her employment," and Plaintiff was terminated.  (*Id*. at ¶ 32.)

25

26 _____

27 [1]     Unless otherwise noted, all facts are taken from the complaint.

28

1    Plaintiff alleges that she filed this action after exhausting her administrative

2  remedies.  (*Id*. at 11-12.)  The Navy now moves to dismiss.  (ECF No. 6.)

3    **II.      DISCUSSION**

4         **A. Subject Matter Jurisdiction**

5    The Navy moves to dismiss Plaintiff's claim for retaliation in violation of Title

6  VII.  It argues that the Court lacks subject matter jurisdiction because Plaintiff did not

7  exhaust her administrative remedies as to retaliation.

8    Although Title VII's charge-filing requirement is a "mandatory" processing rule, it

9  is "not a jurisdictional prescription delineating the adjudicatory authority of courts."  *Fort*

10  *Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019) ("*Davis*").  Citing 42 U.S.C. §§

11  2000e-5(e)(1) and (f)(1), the Navy argues that *Davis* does not apply here because it

12  involved Title VII provisions that do not apply to employment discrimination claims

13  against the federal government.  The Navy contends that 42 U.S.C. § 2000e-16, the

14  portion of Title VII that applies to federal employees, is the relevant waiver of sovereign

15  immunity and therefore jurisdictional.  (ECF No. 9 at 2.)  The Navy argues that sovereign

16  immunity is not waived for employment claims against the federal government when a

17  plaintiff fails to administratively exhaust the claim.

18    This argument is unavailing.  "[P]rocedural rules, including time bars, cabin a

19  court's power only if Congress has 'clearly state[d]' as much."  *United States v. Wong*,

20  575 U.S. 402, 209 (2015) (quoting *Sebelius v. Auburn Reg'l Med. Ctr*., 568 U.S. 145, 153

21  (2013)).  The provision of Title VII at issue here that operates as a waiver of sovereign

22  immunity does not state that the waiver is conditioned on the exhaustion of

23  administrative process.  Accordingly, the Navy's motion to dismiss for lack of subject

24  matter jurisdiction is DENIED.  The related request to consider the administrative record

25  is denied as moot.

26

27

28
                                        3

## B. Failure to State a Claim

In addition to challenging subject matter jurisdiction, the Navy argues that the complaint fails to state a claim.  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiffs must therefore plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (*Twombly*"); *see also* Fed. R. Civ. P. 12(b)(6).  This standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  The complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### 1. Title VII Claims

Plaintiff asserts disability discrimination, hostile work environment, and retaliation in violation of Title VII.  The Navy argues that "Plaintiff's claims fail as a matter of law because Title VII does not protect an employee from discrimination based on disability." (ECF No. 6 at 16.)  Plaintiff concedes that her claims fail under Title VII. (*See* ECF No. 7 at 6.)  Accordingly, Plaintiff's claims under Title VII are DISMISSED.

3:24-cv-00898-L-SBC

## 2. Americans With Disabilities Act Claim

Next, Plaintiff claims disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act (the "ADA"). The Navy argues that "Plaintiff's claims fail as a matter of law because the federal government is excluded from the coverage of the ADA." (ECF No. 6 at 16.) The ADA expressly excludes the United States from its definition of a "covered entity." *See* 42 U.S.C. §§ 12111(2) & 12111(5)(B)(i) (stating that the term "employer" does not include the United States). Plaintiff concedes that their claims fail under the ADA. (*See* ECF No. 7 at 6.) Accordingly, Plaintiff's claims under the ADA are DISMISSED.

## 3. Rehabilitation Act Claim

The Navy argues that Plaintiff has not sufficiently alleged that she suffers a cognizable disability under the Rehabilitation Act. Under the Rehabilitation Act, a plaintiff must demonstrate that "(1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). For purposes of the Rehabilitation Act, "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." *Id*. (citing 42 U.S.C. § 12102(2)). A qualified individual is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Bates v. United Parcel Serv.*, 511 F.3d 974, 989 (9th Cir. 2007) (emphasis removed) (quoting 42 U.S.C. § 12111(8)); *see Walton*, 492 F.3d at 1005 (noting that "the standards of substantive liability" under the ADA are incorporated in the Rehabilitation Act).

Plaintiff alleges that she "qualifies as an individual with a disability as defined under the ADA," and is "a disabled veteran" with "service-connected disabilities." (ECF No. 1 at ¶¶ 3, 54, 55.) Plaintiff further alleges that she "is known to have anxiety

1  symptoms." (Id. at ¶ 30.)  Plaintiff's conclusory allegation of disability is insufficient to

2  show that she has a qualifying disability under the Rehabilitation Act.  *See Iqbal*, 556 U.S.

3  at 678; *Twombly*, 550 U.S. at 555.  Accordingly, the complaint also fails to state a

4  disability discrimination claim.  Plaintiff's claim alleging disability discrimination in

5  violation of the Rehabilitation Act is therefore DISMISSED.

6                                    **4.  Leave to Amend**

7        Plaintiff requests leave to amend her complaint.  "If a complaint is dismissed for

8  failure to state a claim, leave to amend should be granted 'unless the court determines

9  that the allegation of other facts consistent with the challenged pleading could not

10  possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658

11  (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

12  1393, 1401 (9th Cir. 1986)).  Because it does not appear that amendment would be futile,

13  leave to amend is GRANTED.

14  **III.    CONCLUSION**

15        The Navy's motion to dismiss for lack of subject matter jurisdiction is denied.  Its

16  motion to dismiss for failure to state a claim is granted with leave to amend.  If Plaintiff

17  chooses to file an amended complaint, she must do so no later than February 28, 2025.

18        **IT IS SO ORDERED.**

19

20  Dated:  February 14, 2025

21

22                                                      Hon. M. James Lorenz
                                                        United States District Judge

23

24

25

26

27

28                                              6